IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BEDFORD INTERNET OFFICE SPACE, LLC, | § |   |
|---|---|---|
| Plaintiff, | § |   |
| V. | § | No. 3:12-cv-4322-N-BN |
| TRAVELERS CASUALTY INSURANCE COMPANY, ET AL., | § |   |
| Defendants. | § |   |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned magistrate judge for pretrial management. *See* Dkt. No. 2. Plaintiff Bedford Internet Office Space, LLC's ("Plaintiff" or "Bedford") has moved to remand the case to the 68th District Court, Dallas County, Texas, from which it was removed. *See* Dkt. No. 8. The undersigned issues the following findings of fact, conclusions of law, and recommendation on Plaintiff's Motion for Remand ("Motion") [Dkt. No. 8], which should be denied.

**Background**

Plaintiff filed its Original Petition in the 68th Judicial District Court of Dallas County on September 5, 2012. *See* Dkt. No. 8, ¶ 1. Defendant Travelers Casualty Insurance Company of America, improperly named Travelers Casualty Insurance Company of America d/b/a Texas Insurance Group, Inc. ("Travelers") filed its Original Answer on October 22, 2012 and timely filed a Notice of Removal on October 26, 2012.

1

*See* Dkt. No. 1; Dkt. No. 8, ¶¶ 2, 4. Jason Spradlin did not join in, or consent to, removal. *See* Dkt. No. 1. He did, however, file his answer in this Court on November 30, 2012. *See* Dkt. No. 10.

Travelers' Notice of Removal was based on diversity of citizenship, with Travelers arguing that Spradlin was fraudulently joined as a party "for the sole purpose of defeating diversity of citizenship." Dkt. No. 1, ¶ 4. In its Notice of Removal, Travelers first asserts that Spradlin need not consent to the removal because he was improperly joined. *See id.* at ¶ 8. Travelers then contends that Plaintiff made no showing in its Original Petition of a possibility of establishing a cause of action against Spradlin. *See id.* at ¶¶ 9-10, 12. More specifically, Travelers contends Plaintiff made no specific factual allegations of wrongdoings against Spradlin and instead only pleaded conclusory allegations and legal conclusions. *See id.* at ¶¶ 10, 12.

In its Motion, Plaintiff argues that the case should be remanded because Travelers did not obtain Spradlin's consent for removal and because Plaintiff asserted claims that present a reasonable possibility of recovery against Spradlin, who is a non-diverse defendant. *See* Dkt. No. 8 at 3, 7.

**Legal Standards & Discussion**

Plaintiff asserts two grounds for remanding this case to state court. First, Plaintiff contends that Travelers' removal violated the "unanimous consent" rule in that it failed to receive consent of all defendants – specifically, Spradlin – prior to removal. Second, Plaintiff contends that the allegations asserted in its Original Petition were sufficient to show a possibility of establishing a cause of action against

2

Spradlin and that, therefore, Spradlin was not improperly joined.

## Unanimous Consent

In its Motion for Remand, Plaintiff first contends that Defendants' removal of the case violates the "unanimous consent" rule. *See* Dkt. No. 8 at 3. Defendants respond that Spradlin's consent was not required for removal because it is Travelers' position that Spradlin was improperly joined. *See* Dkt. No. 14 at 2. In its Reply, Plaintiff "assume[s,]" but does not concede, that a removing party need not obtain the consent of a co-defendant, if the removing party contends the co-defendant was improperly joined. *See* Dkt. No. 15 at 1.

Under the so-called "forum-defendant rule," an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b). Additionally, each defendant is required to join in or consent to the removal of a case to federal court. *See* 28 U.S.C. § 1446(b). That is, "there must be some timely filed written indication from each served defendant ... that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Failure to comply with these requirements renders the removal defective. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of "forum-defendant rule" is defective); *Getty Oil*, 841 F.2d at 1262-63 (same as to failure of all defendants to join in or consent to removal). The 28 U.S.C. § 1446(a) requirement that all defendants join in the removal position is better known as the "unanimous consent" rule. *Doe v. Kerwood*, 969 F.2d 165, 167, 169 (5th Cir. 1992) (quoting *Tri-Cities*

*Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970)).

The United States Court of Appeals for the Fifth Circuit has recognized exceptions to the "unanimous consent" rule, however. Specifically, "in cases involving alleged improper or fraudulent joinder of parties ..., application of this requirement to improperly or fraudulently joined parties would be nonsensical." *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Therefore, in those instances where the removing party takes the position that no other proper defendant exists, the allegedly improper parties' consent is not required. *See Jernigan*, 989 F.2d at 815.

In its Notice of Removal, Travelers asserts that "Plaintiff fraudulently joined [Spradlin] as a party for the sole purpose of defeating diversity of citizenship," Dkt. No. 1 at 2, clearly indicating its position that Spradlin is an improper party, *see also* Dkt. No. 1 at 3 ("Spradlin has been improperly joined in this case to defeat diversity jurisdiction."). Travelers was not required to obtain Spradlin's consent before removing this case, and its failure to do so does not warrant remand.

Moreover, Plaintiff's reliance on *Ondova Ltd. Co. v. Manila Indus., Inc.*, No. 3:07-cv-1812-D, 2007 WL 4104192 (N.D. Tex. Nov. 19, 2007), is misplaced. At issue in *Ondova* was whether the unanimous consent rule was affected by a contractual agreement to litigate an action in state court. *Ondova*, 2007 WL 4104192 at *1. Because the undersigned finds that Travelers was not required to obtain Spradlin's consent before removing the action, the remaining argument asserted by Plaintiff –

4

that any consent by Spradlin at this point would be untimely – need not be addressed.

Accordingly, the undersigned is not persuaded by Plaintiff's "unanimous consent" argument and concludes this ground for remand should be denied.

Improper Joinder

A defendant alleging improper joinder has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc) (describing the "heavy burden" on the party asserting improper joinder and noting that, "until the removing party does so, the court does not have the authority to do more" and "lacks the jurisdiction to dismiss the case on its merits"). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. Ordinarily, the Court must conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis, examining the allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants.[1] *See Larroquette v. Cardinal*

---

[1] As the undersigned discusses more fully below, that the law refers to a Rule 12(b)(6) analysis does not mean that the federal pleading standard necessarily applies. *See Smith v. Shred-It USA*, No. 3:10-cv-831-O-BK, 2010 3733902, at *2-*3 (N.D. Tex. Sept. 23, 2010) (noting that the improper joinder analysis falls under an analogous legal standard to the motion to dismiss for failure to state a claim under Rule 12(b)(6)).

*Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary injury." *Id.* But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.

Because there is no dispute or allegation of actual fraud concerning the fact that both Plaintiff and Spradlin are Texas residents, the sole concern in the instant case is whether, as a matter of law, Plaintiff has alleged a valid state-law cause of action against Spradlin. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Therefore, this Court must determine whether Travelers has demonstrated that there is no reasonable basis to predict that Plaintiff might be able to recover against Spradlin. *See Smallwood*, 385 F.3d at 573. In making this determination, the undersigned will "'evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff,'" and "'then examine relevant state law and resolve all uncertainties in favor of the nonremoving party.'" *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) *(quoting Green v. Amerada Hess Corp.*, 707 F.2d 201, 205-06 (5th Cir. 1983)).

a.   *Applicability of the Federal or Texas Pleading Standard*

As a threshold issue in this case, this Court must decide if it should look to the federal or state pleading standard to determine whether a plaintiff can state a claim

for relief against an in-state defendant. The Fifth Circuit has not addressed this issue in a published opinion, and the decisions of judges in this district are divided on the issue. Some judges in this district have applied the federal pleading standard in their analysis but have done so without discussing or referencing the difference between Texas and federal pleading requirements. *See Helm v. Moog Inc.*, No. 4:11-cv-109-Y, 2011 WL 3176439, at *2 (N.D. Tex. July 27, 2011); *Mugweni v. Wachovia Corp.*, No. 3:08-cv-1889-G-BF, 2011 WL 2441255, at *2 (N.D. Tex. Apr. 19, 2011), *accepted by* 2011 WL 2441838 (N.D. Tex. June 17, 2011); *Marten v. Winover*, No. 3:11-cv-1164-K, 2011 WL 4485966, at *2 (N.D. Tex. Sept. 27, 2011). On the other hand, the Fifth Circuit, in an unpublished decision, along with some decisions by judges in this district, have applied the Texas "fair notice" pleading standard in the improper joinder analysis. *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005); *Durable Specialities, Inc. v. Liberty Ins. Corp.*, No. 3:11-cv-739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011) (finding the Fifth Circuit's application of the state pleading standard in *De La Hoya* to be logical and therefore applying Texas's "fair notice" standard); *Smith v. Shred-It USA*, No. 3:10-cv-831-O-BK, 2010 3733902, at *2-*3 (N.D. Tex. Sept. 23, 2010) (distinguishing cases that applied the federal pleading standard in the improper joinder analysis and noting the focus is on the plaintiff's possibility of success in state court); *Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3:11-cv-971-O-BK, 2012 WL 176572, at *3-*4 (N.D. Tex. Jan. 6, 2012) (applying the state pleading standard in the improper joinder analysis but first noting the disagreement among judges in this District as to whether federal or state pleading

7

standards apply); *Yaldell v. Geovera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, at *2-*3 (N.D. Tex. Nov. 8, 2012) (noting the disagreement in this District as to whether federal or state pleading standards apply before finding the Fifth Circuit's decision in *De La Hoya* to be "entirely logical" and applying Texas's "fair notice" standard).

The undersigned is persuaded by the reasoning in the cases applying the "fair notice" standard. "When a party files suit in a Texas [state] court, such party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system." *Durable Specialties*, 2011 WL 6937377 at *5. The undersigned agrees that "[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Id.*; *see also Yaldell*, 2012 WL 5451822 at *3. Accordingly, the undersigned concludes that the Texas "fair notice" pleading standard should be applied in determining whether an in-state defendant has been improperly joined.

### b. Texas "Fair Notice" Pleading Standard

Under the Texas Rules of Civil Procedure, a pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. TEX. R. CIV. P. 45(b). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.–Austin 1996, no writ). The court will also look at the plaintiff's intent and uphold a petition, even when the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from what the plaintiff

8

specifically did state. *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.–Corpus Christi 1993, writ denied). The goal is only to ensure that the opposing party gets sufficient information to supply fair and adequate notice of the facts on which the plaintiff bases the claim. *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

### c. *Analysis of Plaintiff's Petition*

Whether the Court should remand this case turns on the sufficiency of the allegations set forth in Plaintiff's Original Petition ("Petition"). Therefore, the undersigned begins the analysis with a review of the relevant allegations set forth by Plaintiff. Plaintiff leased commercial office space to Bill Fletcher Team Goodness Investments, Inc., which is not a party to this action. *See* Dkt. No. 1-4 at 4. The lease required Plaintiff to have insurance on the leased office space. *See id.* Plaintiff purchased insurance on its the space, made up of two buildings, from Travelers. *See id.* In making the purchase, Plaintiff informed Travelers of the lease on the property and the intended use of the property and then purchased a custom insurance policy from Travelers. *See id.* The insured property was burglarized on September 7, 2011 and October 23, 2011 and on both instances, Plaintiff immediately reported the incidents and loss to Travelers. *See id.* at 5. Travelers denied Plaintiff's claim, stating that the building was vacant for more than 60 days such that coverage was excluded under the policy. *Id.* Plaintiff maintains Travelers is incorrect. *See id.* Plaintiff alternatively argues that if the property at issue was vacant under the policy terms, then Travelers sold Plaintiff an insurance policy that it knew would not provide coverage in the event of any loss. *See id.* Plaintiff makes no references to Spradlin in

9

its recitation of the facts. *See id.* at 3-5.

Based on these facts, Plaintiff brings some claims only against Travelers and some claims against both Spradlin and Travelers. Plaintiff alleges the following causes of action against Spradlin (and Travelers) in its Petition: (1) violations of Texas Insurance Code, Sections 541.060 (a)(1),(2), and (7) and Section 541.151, and (2) breach of good faith and fair dealing.

The allegations with respect to the Insurance Code violations are more specific, so the undersigned will first address those claims. In its Petition, Plaintiff alleges that Defendants "(1) misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue; (2) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of (A) Plaintiff's claim with respect to which the insurer's liability has become reasonably clear; ... and (7) refused to pay Plaintiff without conducting a reasonable investigation with respect to the claim." Dkt. No. 1-4 at 6. Plaintiff also alleges Defendants "violated Insurance Code Section 541.061 by making one or more untrue statements of material fact to Plaintiff in the handling of its claim." *Id.* at 7. Finally, Plaintiff states that Defendants' violations were "producing cause[s]" of Plaintiff's damages. *Id.*

As an initial matter, in order to maintain a cause of action against Spradlin, Spradlin must be liable under the Texas Insurance Code. Texas Insurance Code section 541.002(2) makes clear that "an agent, broker, adjuster, or life and health insurance counselor" may be liable under the Insurance Code. *See* TEX. INS. CODE § 541.002(2); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998).

Plaintiff made no factual allegations as to Spradlin in the Petition, other than asserting that he is a resident of Dallas County. *See* Dkt. No. 1-4. There is no statement upon which the Court can assume Spradlin is liable under the Texas Insurance Code. Even the courts utilizing the Texas "fair notice" pleading standard have been able to conclude, based on the state court petition's factual allegations, that the alleged improperly joined defendant could be liable under the Code as, for example, an adjuster. *See Yeldell*, 2012 WL 5451822 at *3 (reciting the factual allegation that "GeoVera assigned [defendant] to adjust the claim" in petition); *Durable Specialities*, 2011 WL 6937377 at *3 (reciting the factual allegation "[defendant] handled the adjustment and investigation" of plaintiff's claims); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010) (noting the allegation "Allstate assigned [defendant] to adjust the claim" in the petition). Moreover, simply stating that "Defendants" made misrepresentations, failed to comply with the law, or refused to perform a duty under the law, is not sufficient. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 & n.8 (5th Cir. 1995) (but without discussing whether to apply the federal or Texas pleading standard). For these reasons, the undersigned cannot find that Plaintiff has alleged a cause of action that provides a reasonable basis to predict that Plaintiff might be able to recover against Spradlin. *See Smallwood*, 385 F.3d at 57.

Plaintiff also alleged a breach of the duty of good faith and fair dealing against Defendants, including Spradlin. *See* Dkt. No. 1-4. In claiming a breach of "duty of good faith and fair dealing owed to Plaintiff," Plaintiff alleged only that Defendants

11

breached their duty and the breach proximately caused damage to Plaintiff. Nothing in the Petition alleges the relationship between Spradlin and Plaintiff, indicating how such a duty would even be owed as an initial matter.

While the undersigned recognizes that Travelers has a heavy burden to prove there is no reasonable basis to predict that Plaintiff might be able to recover against Spradlin, the undersigned finds that Travelers met this burden. Plaintiff's Petition contains <u>no</u> allegations against Spradlin individually – nothing to indicate the relationship between Spradlin and Plaintiff, nothing to indicate what Spradlin's role in the claims process was, nothing on which a claim could be made against Spradlin. Under these circumstances, the undersigned concludes that Plaintiff failed to provide sufficient information from which one could reasonably infer a cause of action against Spradlin under the Texas Insurance Code or for breach of a duty of good faith or fair dealing.[2]

Because Spradlin was improperly joined, he is dismissed from this case. And complete diversity of citizenship therefore exists, such that the case was properly removed, and there is no basis to consider Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c).

---

[2] Plaintiff requests that, before denying its Motion, the Court should provide Plaintiff with an opportunity to amend the Petition. "A complaint amended post-removal cannot divest a federal court of jurisdiction." *Cavallini*, 44 F.3d at 260 n.8, 264-65 & n.18. Because even an amended petition could not defeat jurisdiction of a case that was properly removed, the undersigned rejects Plaintiff's request.

## Recommendation

For the reasons stated herein, the undersigned concludes that Spradlin was improperly joined in this case and should be dismissed. With Spradlin's dismissal, complete diversity of citizenship exists. The Court therefore should deny Plaintiff's Motion for Remand [Dkt. No. 8].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2013

                          _____
                          DAVID L. HORAN
                          UNITED STATES MAGISTRATE JUDGE